# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| SANDRA CULVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2722-STA-tmp |
| | ) | |
| CCL LABEL INC., | ) | |
| | ) | |
| Defendant. | ) | |

___

## ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF BILL OF COSTS

___

Before the Court is Plaintiff's Motion for Review of Taxation of the Bill of Costs (D.E. # 96), filed on October 7, 2010.  Defendant filed a Response (D.E. # 98) on October 13, 2010.  Judge Donald held a hearing on Plaintiff's Motion on November 23, 2010.[1]  For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

At the close of Plaintiff's proof at trial, Defendant made an oral motion for judgment as a matter of law (D.E. # 74), which Judge Donald granted on January 27, 2010.  (D.E. # 71.)[2]  Plaintiff then filed a Motion to Set Aside the Judgment (D.E. # 76) on February 5, 2010, which Judge Donald denied on February 25, 2010.  (D.E. # 78.)  Defendant then filed its Bill of Costs

___

[1] This case was reassigned to the Court on March 6, 2012, due to Judge Donald's elevation to the Sixth Circuit Court of Appeals.

[2] The docket entry numbers reflected on the record are out of order.

(D.E. # 79), to which Plaintiff objected (D.E. # 88). Defendant filed a Response to Plaintiff's Objections (D.E. # 90) on April 26, 2010. The Clerk of Court ("the Clerk") held a hearing on these objections on Mary 13, 2010, and the Clerk's Order Taxing Costs, filed on October 1, 2010, taxed all of Defendant's asserted costs to Plaintiff. (D.E. # 95.) Plaintiff then timely filed the Motion now before the Court (D.E. # 96) on October 7, 2010. In their Motion and Response, the parties rely on the same arguments presented to the Clerk at the initial hearing; therefore, the Court will discuss these arguments before turning to the concerns raised at Judge Donald's hearing.

In her Objection to the Clerk's taxation to Defendant's Bill of Costs, Plaintiff raises two arguments regarding Defendant's Bill of Costs. First, Plaintiff argues that she filed a bankruptcy petition in 2002 and is on disability, rendering her indigent. (Pl.'s Objs., D.E. # 88, at 2.) Plaintiff attached an Affidavit setting forth her lack of employment, monthly income of $1,720.00, and financial responsibility for her minor son and grandson, who reside with her. (Aff. of Pl., D.E. # 88-1, at 1-2.) Second, Plaintiff relies on *White & White Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986), in support of her assertion that district courts can deny costs when the taxable costs are unnecessary or unreasonably large. (*Id.* at 2-3.) She identifies several allegedly unnecessary or unreasonably large costs: deposition and expedited transcription fees for her two-day deposition occurring several days before trial, subpoena fees for medical records from five doctors, and trial subpoenas and witness fees for her two brothers. (*Id.* at 3-4.)

In response, Defendant noted that while it is generally inappropriate for district courts to consider the prevailing party's ability to pay its own costs, courts can properly consider whether

2

the costs were unnecessary or unreasonably large. (Def.'s Resp., D.E. # 90, at 2.) Defendant argues that it took only one deposition before trial, that of Plaintiff, and that the only deposition testimony which required an expedited transcript was Plaintiff's second day of testimony due to her failure to produce notes she testified about during the first day of her deposition. (*Id.* at 3.) Defendant notes that the five doctors' medical records were used to cross-examine her treating psychiatrist in his evidentiary deposition, rendering her argument meritless. (*Id.*) Finally, it notes that the subpoenas of Plaintiff's brothers were necessary, as one of them was on its witness list and the other could have been called as a rebuttal witness. (*Id.* at 4.) Furthermore, Defendant casts doubt on Plaintiff's indigent status, noting that she had not commenced either the case or the case's appeal *in forma pauperis*. (*Id.*) Finally, Defendant urged the Clerk to approve its Bill of Costs and to credit that amount to the amount Defendant owes Plaintiff for her costs related to the Motion for Sanctions. (*Id.* at 4-5.)

Judge Donald granted in part and denied in part this Motion for Sanctions on January 14, 2012. (D.E. # 51.) Although she did not hold Defendant in contempt for failing to produce a witness for a deposition, she did prohibit the witness from testifying at trial. She also awarded Plaintiff attorney's fees and expenses related to the Motion for Sanctions, and she referred that specific request to the Magistrate Judge to determine the amount of attorney's fees and expenses to award. (Order, D.E. # 51, at 11.) The Magistrate Judge awarded Plaintiff $3,622.50 in attorney's fees and $32.97 in expenses, totaling $3,655.47. (Order, D.E. # 89, at 8.) The Magistrate Judge reserved ruling on whether the award of attorney's fees and expenses would be offset by costs awarded to Defendant.

After the Clerk's hearing on the Bill of Costs, the Clerk issued an Order Taxing Costs to Plaintiff. After noting that Defendant had met the threshold requirement of being the prevailing party in the case, the Clerk addressed three of Plaintiff's objections.[3] (Order Taxing Costs, D.E. # 95, at 2.) The Clerk denied Plaintiff's first objection related to her indigence because she did not "offer any evidence of her financial position to establish a claim of indigency, nor was the claim of bankruptcy established." (*Id.*) Second, the Clerk denied Plaintiff's equitable objection, noting that "[a]n assertion of economic disparity between the parties is insufficient as a matter of law to prevent an award of costs to the prevailing party." (*Id.*) The Clerk stated that, although repayment of court costs could amount to a financial hardship for Plaintiff, mere financial hardship "is not adequate to mandate a waiver of costs" and was not a valid basis for a waiver. (*Id.*) Finally, the Clerk found costs to be reasonable in amount and within the scope of discovery after reviewing the parties' arguments and reviewing relevant Orders issued by Judge Donald. (*Id.*) Accordingly, the Clerk taxed $3,111.23 in costs against Plaintiff and in favor of Defendant. (*Id.* at 3.)

Plaintiff's Motion for Review of the Clerk's Order Taxing Costs consists of two paragraphs stating the applicable Federal Rule of Civil Procedure and incorporating her prior Objections by reference. (Pl.'s Mot., D.E. # 96, at 1.) Defendant's Response is equally brief: its eight paragraphs describe the relevant procedural history and incorporate its Response to Plaintiff's Objections by reference. (Def.'s Resp., D.E. # 98, at 1.) At Judge Donald's hearing, the parties adhered to the arguments in their prior briefs. However, Plaintiff argued that the

---

[3] Although Plaintiff addressed two main objections in her Objections, the Court believes that she may have presented an additional argument at the hearing before the Clerk or that her second argument was implied by her first argument.

affidavit she submitted with her Objections was enough proof to meet her indigency burden. (Tr. at 6-7.) In response, Defendant averred that Plaintiff's financial status was not an appropriate consideration in deciding whether to award costs, but it implied that the Clerk may have erred in not relying on the affidavit. (*Id.* at 10-11.)

  Judge Donald posed two questions to the parties, both of which merit discussion. First, Judge Donald wondered whether she could consider all evidence in the record when evaluating whether to award costs. (*Id.* at 13-14.) Defendant submitted that, when reviewing objections to a bill of costs, district courts act like appellate courts, and their review would be limited to the information before the Clerk when he arrived at his decision. (*Id.* at 15-16.) In contrast, Plaintiff relied on the de novo standard of review and argued that Judge Donald could consider the entire record of the case to which the Clerk presumably would have had access. (*Id.* at 18.) Second, Judge Donald asked whether she could take judicial notice of Plaintiff's proceedings in bankruptcy court. (*Id.* at 16.) Both parties agreed that she could, especially as the bankruptcy courts exist as a subset of the district courts. (*Id.* at 16-18.)

  The parties also discussed Plaintiff's bankruptcy status, and Judge Donald expressed concern regarding whether the proceedings should be stayed pending resolution of the bankruptcy and the appeal Plaintiff had filed. (*Id.* at 20-24.) Ultimately, Judge Donald took Plaintiff's Motion under advisement pending resolution of her appeal. (D.E. # 101.) The Sixth Circuit issued its opinion on January 10, 2012 (D.E. # 102), the mandate issued on March 1, 2012, and the Court was assigned on March 6, 2012, to address the pending matters discussed above. Therefore, the stay pending appeal is not longer at issue, but the status of Plaintiff's bankruptcy proceedings could affect the execution of the Court's decision regarding costs.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"), "costs—other than attorney's fees—should be allowed to the prevailing party."[4]  Permissible taxable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[5]

The award of costs is initially the responsibility of the Clerk, but the Clerk's Order is reviewable by the Court.[6]  The Court conducts its review de novo.[7]

**ANALYSIS**

**Plaintiff's Bankruptcy Proceedings**

Before the Court reviews Plaintiff's Objections, the Court must address whether this case is automatically stayed pending Plaintiff's bankruptcy.  Generally, a bankruptcy petition will stay "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that

---

[4] Fed. R. Civ. P. 54(d).

[5] 28 U.S.C. § 1920.

[6] *Reed v. Cracker Barrel Old Country Store, Inc.*, 171 F. Supp. 2d 751, 755 (M.D. Tenn. 2001).

[7] *Id.*

was or could have been commenced before the commencement of the case under [the bankruptcy code]."[8]  However, "the stay of any [act other than an act against property of the estate] under subsection (a) of [§ 362] continues until the earliest of" when the case is closed, when the case is dismissed, or, if the case is under Chapter 7 of the bankruptcy code concerning an individual under Chapter 13 of the bankruptcy code, the time a discharge is granted or denied.[9]

Here, Plaintiff commenced her bankruptcy case in February of 2002 under Chapter 13 of the bankruptcy code.  She converted to Chapter 7 in March of 2004, and her debts were discharged on June 4, 2004.  Although her bankruptcy case has not yet closed, because her debts have been discharged, it appears that § 362's automatic stay of proceedings was lifted at the time of the discharge.  Therefore, the Court need not delay resolving Plaintiff's objections to the Bill of Costs, and the automatic stay would not likely affect Plaintiff's ability to collect her offset attorney's fees.

## Plaintiff's Objections to the Bill of Costs

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, but it allows denials of costs at the discretion of the trial court.[10]  The Sixth Circuit has identified several factors losing parties may present to overcome the presumption in favor of a cost award: the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs.[11]  Moreover, "[a]lthough the ability of the winning party to pay his own costs

---

[8]   11 U.S.C. § 362(a)(1).

[9]   *Id.* § 362(c)(2)(A-C).

[10]  *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

[11]  *Id.* (citing *White & White*, 786 F.2d at 732-33).

is irrelevant,[12] . . . another factor weighing in favor of denying costs is the indigency of the losing party."[13] When considering the effect of a losing party's indigency, "[t]he size of the award and the circumstances in which it will ultimately be applied" are equitable factors courts should address.[14] Furthermore, the Sixth Circuit has not forbidden partial remittance of costs on equitable grounds, including the losing party's financial circumstances.[15] When a party claims indigency, the Sixth Circuit requires a determination of his or her capacity to pay the costs assessed.[16] Even when a party files an *in forma pauperis* affidavit as part of her objection to the bill of costs, the court is not bound by it; indeed, the *in forma pauperis* statute authorizes the taxation of costs at the conclusion of the suit or action even if the case was commenced *in forma pauperis*.[17] Moreover, "while it is normally proper for a court to conduct a hearing on an indigency claim, the mere incantation of the word, unsupported by facts, does not warrant a formal hearing."[18]

28 U.S.C. § 1920 authorizes the taxation of deposition costs, which include the expenses

---

[12] *Id.* (citing *White & White*, 786 F.2d at 730).

[13] *Id.* (citing *Jones v. Cont'l Corp.*, 789 F.2d 1125, 1233 (6th Cir. 1986)).

[14] *Id.* at 540.

[15] *See id.* at 540-41.

[16] *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

[17] *Golembiewski v. Logie*, No. 3:11-cv-57, 2012 WL 1142474, at *2 (N.D. Ohio. Apr. 4, 2012) (citing 28 U.S.C. § 1915(a), (f)(1)) (discussing a financial affidavit which included a gross monthly income of $1,743 and monthly expenses of $2,844, finding plaintiff indigent, and awarding 44% of the initial deposition costs to the defendants).

[18] *Abbs v. Con-Way Cent. Exp., Inc.*, No. 04-60201, 2007 WL 1017364, at *7 (E.D. Mich. Apr. 3, 2007).

of taking, transcribing, and reproducing depositions.[19]  Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.[20]  Necessity is determined as of the time of the taking of the deposition, and the fact that a deposition is not actually used at trial is not controlling.[21]  The Northern District of Ohio found depositions to be "reasonably necessary" when both parties used them in their summary judgment memoranda and the district court relied on them in its Order on the summary judgment motion; the parties' "heavy reliance" on the depositions further persuaded the court that taxation of the depositions was appropriate.[22]

At the outset, the Court finds that it has the authority to consider all of the filings in the record.[23]  Moreover, Judge Donald already held a hearing on Plaintiff's Objections, and the parties indicated that they would rest on the same arguments in their briefs.  After a *de novo* review of the parties' briefs, the hearing transcript, and other documents in the record, the Court finds that Plaintiff's objections to the Bill of Costs are not well-taken.  Although Plaintiff alleges that she is indigent and that she is bankrupt, her debts were discharged nearly eight years ago.  Moreover, she did not provide detailed financial information which would permit the Court to evaluate the extent of her claimed indigency.  Thus, based on the information before it, the Court finds that Plaintiff would have the capacity to pay the costs taxed against her, and her alleged

---

[19]     *Sales*, 873 F.2d at 120.

[20]     *Id.*

[21]     *Id.* (citing *LaVay Corp. v. Dominion Fed. Savs. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)).

[22]     *Golembiewski*, 2012 WL 1142474, at *2.

[23]     *See id.*

indigency is insufficient to override the presumption taxing costs against her. The cost award is relatively small, and presumably the parties could work out a payment plan for the costs.

Furthermore, the Court finds that Plaintiff's specific cost objections are without merit. Defendant's asserted response to each objection sufficiently identifies why each expenditure was necessary, and the costs are not so unreasonably large as to support Plaintiff's assertion that they should be denied to Defendant. Moreover, they were within the scope of discovery. The Court does not find itself presented with a situation similar to that in *Golembiewski*: Plaintiff's affidavit did not indicate the extent of her monthly expenses or whether they exceed her monthly social security income and if so, by how much. Therefore, the Court will tax the entirety of Defendant's costs to Plaintiff rather than a percentage of them.[24] Accordingly, Plaintiff's objections to the Bill of Cost are **OVERRULED**, and her Motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

Date: May 24, 2012.

---

[24] The Court notes that the Magistrate Judge's Order on the Motion for Sanctions left open the question of whether the attorney's fees owed to Plaintiff would be offset by the costs owed to Defendant. Here, Defendant owes Plaintiff $3,655.47 in attorney's fees due to Plaintiff's success on the Motion for Sanctions, and Plaintiff owes Defendant $3,111.23 in costs. The Court will not reach the issue of whether these amounts offset at this time. If the parties are unable to resolve the issue between themselves, they may file an appropriate Motion within thirty (30) days of entry of this Order.